IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL A. GLOVER, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:21-CV-00003-CDL-MSH |
| Warden REAGAN BLACK, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Michael A. Glover, an inmate currently confined at the Rutledge State Prison in Columbus, Georgia, has filed a second Recast Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 23). For the following reasons, Plaintiff's failure-to-protect claims against Defendants Black, Byrd, and Cofield and his retaliation claims against Defendant Black shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

PRELIMINARY SCREENING

**I.      Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same.

When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise out of his incarceration at the Rutledge State Prison ("RSP"), where he was attacked by a fellow inmate named Wayne Munson on September 28, 2020. Recast Compl. 5, ECF No. 23. Plaintiff alleges Defendants' actions and inaction, as described in more detail below, violated his constitutional rights, and as a result he primarily seeks compensatory damages. *Id.* at 16.

### A.     Claims Concerning September 28, 2020 Attack

Plaintiff's allegations that he was attacked by inmate Munson can give rise to two different types of constitutional claims. First, Plaintiff suggests that Defendants failed to prevent him from being attacked by Munson. Second, Plaintiff alleges that some of the Defendants orchestrated the attack on him in retaliation for Plaintiff's complaints about Defendant Black's "miss handleing [sic] of the Covid-19 outbreak here at Rutledge State Prison." Recast Compl. 5, ECF No. 23.

It is well-established that "prison officials have a duty . . . to protect prisoners from

violence at the hands of other prisoners." *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted) (alteration in original). Such claims arise under the Eighth Amendment. *Id.* at 837. A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332.

An adverse action imposed in retaliation for a prisoner's exercise of a constitutionally protected right is also actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989) (per curiam). To prove a retaliation claim, an inmate must generally show that he engaged in protected conduct; that the prison official's retaliatory conduct adversely affected the protected conduct; and a causal connection between the protected conduct and the adverse action. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

When Plaintiff's Recast Complaint is construed liberally and taken as true, Plaintiff alleges Defendant Black threatened Plaintiff by telling other inmates within earshot of Plaintiff that "he had an inmate who were informing the government about him and what is happening on the inside," that he "knew who the informer was," and that the informer "was a 'snitch' and we all know what happens to 'snitches' in jail and prison." Recast Compl. 9, ECF No. 1. Plaintiff further contends that Defendants Byrd, Black, and Cofield

4

knew there was a "rift" between Plaintiff and Munson yet purposely reassigned Munson to Plaintiff's dorm despite this knowledge. *Id.* at 5-6. In addition, Plaintiff alleges that Munson told Plaintiff that he "came for [Plaintiff]" prior to attacking Plaintiff. *Id.* at 6.

Construing these allegations liberally and taking them as true—as the Court must at this stage—they suggest that Defendants Byrd, Black, and Cofield knew that Plaintiff would be in danger if housed with inmate Munson and failed to take action to protect him. These allegations also suggest that Defendant Black intentionally placed Plaintiff in harm's way in retaliation for Plaintiff's complaints about the coronavirus.[1] Plaintiff's Eighth Amendment failure-to-protect claims against Defendants Byrd, Black, and Cofield and his retaliation claims against Defendant Black shall therefore proceed for further factual development. Plaintiff has not, however, alleged facts showing that Defendants Byrd, Cofield, or any other named Defendants were motivated to harm Plaintiff because of Plaintiff's complaints about Defendant Black's handling of the coronavirus situation. Absent specific facts suggesting the remaining Defendants acted with a retaliatory motive, Plaintiff's retaliation claims against them should be dismissed. *See Thomas v. Lawrence*, 421 F. App'x 926, 929 (11th Cir. 2011) (per curiam) (affirming dismissal of retaliation claims where prisoner's grievance complained about only one staff member, and

---

[1] Plaintiff has also alleged that Defendant Black retaliated against Plaintiff by "harassing" him. Specifically, Plaintiff contends that Defendant Black (1) denied Plaintiff's indigent postage forms; (2) instructed Defendant Moody to deny Plaintiff's access to the copier, preventing Plaintiff from copying legal documents; (3) attempted to "intimidate and humiliate" Plaintiff in his office; and (4) had Plaintiff searched for drugs the same day Munson attacked Plaintiff. Recast Compl. 7-8, ECF No. 23. Plaintiff's claims that Defendant Black retaliated against Plaintiff in this manner shall also proceed for further factual development.

5

"complaint failed to allege any facts that would suggest that any of the other named defendants had a reason to retaliate against him for filing the grievance" against the staff member named in the grievance).

Plaintiff has also alleged that prior to the attack, he notified Defendant Burks, a deputy warden, that Plaintiff overheard Defendant Black telling other inmates that Plaintiff was a "snitch." Recast Compl. 9, ECF No. 1. Munson was not one of the inmates to whom Defendant Black was speaking when he identified Plaintiff as a "snitch," however, and Plaintiff has not alleged any other facts suggesting that Defendant Burks knew of the "rift" between Plaintiff and Munson or any other reason to know Plaintiff was in danger from Munson specifically. Absent such knowledge, Plaintiff cannot state a failure-to-protect claim against Defendant Burks. *See, e.g., Murphy v. Turpin*, 159 F. App'x 945, 948 (11th Cir. 2005) (per curiam) (affirming dismissal of failure-to-protect claim where plaintiff did not provide notice to prison officials that he was in danger from the particular inmate who attacked him). This claim against Defendant Burks should therefore be dismissed.

### B. Eighth Amendment Conditions of Confinement Claims

Plaintiff may also be attempting to raise a claim concerning prison officials' alleged failure to adequately protect him from exposure to the coronavirus. Such claims are scrutinized under the Eighth Amendment, which protects convicted prisoners from cruel and unusual punishment. *Cf. Helling v. McKinney*, 509 U.S. 25, 32 (1993) (analogizing claims based on exposure to high levels of environmental tobacco smoke to claims about "demonstrably unsafe drinking water" or "exposure of inmates to a serious, communicable

6

disease"). An inmate's claims that prison officials are "knowingly exposing" inmates to a serious disease can state an actionable § 1983 claim. *See Powers v. Snyder*, 484 F.3d 929, 931 (7th Cir. 2007) (observing that "knowingly exposing a prisoner to hepatitis or other serious diseases" could "amount to cruel and unusual punishment in violation of the federal Constitution").

Plaintiff was previously told that it was unclear in this case whether he intended to raise an Eighth Amendment claim concerning his exposure to coronavirus. As such, Plaintiff was instructed to recast his Complaint on the Court's standard form and notified that his recast complaint would take the place of the documents filed at ECF Nos. 1, 6, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. Plaintiff was further advised that the Court would not look back to the factual allegations in any of these documents to determine whether Plaintiff stated a cognizable constitutional claim, and thus Plaintiff should clearly state in his recast complaint any fact deemed necessary to his lawsuit. Order 6-7, Apr. 7, 2021, ECF No. 21. Despite filing letters with the Court in which Plaintiff states he does "not wish to abandon [his] Covid-19 case against (RSP) Warden Regan Black and (AKA)," *see, e.g.,* Letter 1, Apr. 22, 2021, ECF No. 24, Plaintiff has not pleaded any facts in his Recast Complaint describing how Defendant Black or any other RSP officials failed to comply with protocols or otherwise knowingly exposed Plaintiff to the coronavirus.[2] Because Plaintiff has failed to allege facts associating Defendants with this particular

---

[2] Plaintiff has filed several letters in this case. If Plaintiff wishes to raise claims concerning any factual allegations in these letters, Plaintiff should move to amend or supplement his pleadings in accordance with Federal Rule of Civil Procedure 15.

violation of his constitutional rights, Plaintiff's Eighth Amendment claims concerning COVID-19 exposure are subject to dismissal. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation).

### C. Remaining Pending Claims

Plaintiff alleges that Defendant Moody, a deputy warden in the business office, violated Plaintiff's constitutional rights by disregarding GDC mail and copier policies. Recast Compl. 11, ECF No. 23. Plaintiff also contends that Defendant Moody failed to respond to his requests for information from the medical and security departments, and she failed to provide him required information for his "money withdrawal forms." *Id.* Similarly, Plaintiff alleges that Defendants Byrd and Moody failed to properly investigate the September 28, 2020 attack in accordance with GDC policy and procedure. *Id.* at 12-13. Plaintiff further contends that Defendant Young, a lieutenant, "lost the camera" that contained photographs of the injuries to Plaintiff's face and failed to file an incident report on the attack. *Id.* at 15. And finally, Plaintiff alleges that Defendant Fleming, the deputy warden for security, also failed to investigate the attack on Plaintiff in accordance with GDC policy and procedure and denied Plaintiff's grievances related thereto. *Id.* at 13.

To the extent Plaintiff is merely stating that these Defendants failed to comply with GDC policies, he has failed to state a constitutional claim. "[T]he failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000). Likewise, any allegations that Defendants denied his grievances or that their action or

inaction interfered with his ability to pursue those grievances fall short of stating an actionable constitutional claim. Prisoners in the Eleventh Circuit have no constitutionally-protected liberty interest in accessing a prison's grievance procedure. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure).

To the extent Plaintiff is claiming that Defendants' actions thwarted his ability to pursue his claims in court, he has also failed to state an actionable claim. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir.2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). To have standing to seek relief under this right, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or ... impeded." *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (internal alterations omitted) (citing *Lewis v. Casey*, 518 U.S. 343, 353, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996)). "A plaintiff cannot state a claim by simply alleging systemic denial of access to courts or legal resources without tying the denial to an actual injury," such as "the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case." *Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) (per curiam). Plaintiff has not alleged any facts suggesting that he has suffered an actual injury as a result of any alleged inability to access the court system. Certainly, Plaintiff has not been prevented from proceeding *in forma pauperis* and prosecuting this case despite any alleged difficulties caused by Defendants.

Finally, the undersigned notes that at one point, Plaintiff named chief counselor Ms. Singleton as a Defendant in this action. Plaintiff, however, has failed to allege any facts in his most recent Recast Complaint associating this Defendant with any alleged violation of his constitutional rights. As such, any claims against Defendant Singleton should be dismissed without prejudice. *Douglas*, 535 F.3d at 1321-22.

### III.   Conclusion

For the foregoing reasons, Plaintiff's failure-to-protect claims against Defendants Black, Byrd, and Cofield and his retaliation claims against Defendant Black shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional claims against Defendants Black, Byrd, and Cofield, it is accordingly **ORDERED** that service be made

on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the

Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of

Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 21st day of May, 2021.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE