IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHAEL A. GLOVER, | : |
| Plaintiff, | : |
| VS. | : NO. 4:21-CV-00003-CDL-MSH |
| Warden REAGAN BLACK, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court are Plaintiff's Objections (ECF Nos. 35, 37, 38, 43) to the Recommendation of the United States Magistrate Judge to dismiss certain of Plaintiff's claims without prejudice (ECF No. 31). The Court has thoroughly considered Plaintiff's Objections and performed a *de novo* review of the portions of the Recommendation to which Plaintiff objects. Having done so, and for the reasons explained below, the Court finds Plaintiff's substantive objections to the Recommendation to be without merit. Therefore, the Recommendation filed by the United States Magistrate Judge on May 21, 2021 (ECF No. 31) is hereby approved, adopted, and made the Order of the Court. The Clerk, however, is **DIRECTED** to docket Plaintiff's original Complaint in the above-captioned action (ECF No. 1) as a separate civil action in this Court, and Plaintiff is **ORDERED** to either pay the filing fee or file a motion to proceed *in forma pauperis* in

that new action if he intends to proceed with the claims contained in his original Complaint (ECF No. 1).

## DISCUSSION

### I. Requests for Appointed Counsel

In several different places in his Objections, Plaintiff mentions that he "will need professional counsel to represent [him] any further." *See, e.g.,* Objs. 9, June 7, 2021, ECF No. 35. Plaintiff is again advised that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986) (per curiam). Rather, appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Id.* In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).

2

In accordance with *Holt*, and upon a review of the record in this case, the Court finds that Plaintiff has adequately set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's requests for appointed counsel are **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**II.   Eighth Amendment COVID-19 Exposure Claims**

Plaintiff has filed nearly eighty pages of Objections to the Magistrate Judge's May 21, 2021 Order and Recommendation.  Most of these pages are devoted to Plaintiff's contention that the Magistrate Judge improperly dismissed Plaintiff's claims that Defendant Black, the warden of Rutledge State Prison ("RSP") in Columbus, Georgia, failed to take proper precautions to prevent the spread of COVID-19 in the prison.  The Magistrate Judge found that Plaintiff failed to plead facts in his second Recast Complaint (ECF No. 23) sufficient to show that Defendants knowingly exposed Plaintiff to COVID-19 and thus failed to state an actionable claim. Order & Recommendation 7-8, ECF No. 31.  As such, the Magistrate Judge found that the Eighth Amendment COVID-19 exposure claims in the second Recast Complaint were due to be dismissed without prejudice.  *Id.*

The Magistrate Judge did not err in this finding. Plaintiff's original Complaint (ECF No. 1) alleges that nurses and staff at RSP were not following the Georgia Department of Corrections' protocols concerning COVID-19 exposure, but Plaintiff subsequently filed an amended/recast complaint (ECF No. 8) that took the place of the original Complaint as a matter of law. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).[2] The Magistrate Judge advised Plaintiff that his original Complaint (ECF No. 1) had been superseded and observed that it was unclear whether Plaintiff intended to raise an Eighth Amendment claim concerning his exposure to COVID-19 in addition to his claims made in his amended/recast complaint (ECF No. 8), i.e., that he was retaliated against for complaining about his exposure to COVID-19. Order to Recast 5, Apr. 7, 2021, ECF No. 21. Plaintiff was therefore directed to recast his Complaint on the Court's standard form to include all facts and allegations he wished the Court to consider in this case. *Id.* Plaintiff was further advised that this recast complaint would also supersede both the original and amended/recast complaints (ECF Nos. 1, 8), and the Court would not look back to those

---

[2] Plaintiff was permitted to amend his Complaint once as a matter of right at this stage of the litigation. Fed. R. Civ. P. 15(a).

4

documents to determine whether Plaintiff had stated a cognizable claim in this lawsuit. *Id.* at 6-7.

Despite these clear instructions, Plaintiff's second, court-ordered recast complaint (ECF No. 23) did not contain any specific facts showing how Defendants failed to comply with established COVID-19 or otherwise knowingly exposed Plaintiff to COVID-19. As such, the Magistrate Judge did not err in dismissing these claims. Plaintiff was plainly advised of the effect his second, court-ordered recast complaint would have on his original and amended/recast complaints, and he was also advised that the Court would not look back to those documents to determine whether he had stated a claim upon which relief may be granted.

The Court recognizes, however, that Plaintiff strenuously and repeatedly states in his Objections that he "did not want to abandon [his] Covid-19 case, and that [he] did want the (retaliation) case" to be filed "separate from the Covid-19 case," in order "to make each one of them a single-case, one from another." Objs. 1, June 7, 2021, ECF No. 35. In an abundance of caution, the Court therefore **DIRECTS** the Clerk to file the original Complaint in this action (ECF No. 1) in a separate civil action. Plaintiff is also **ORDERED** to either pay the Court's filing fee in full or to file a motion for leave to proceed *in forma pauperis* in this new action. The Clerk shall provide Plaintiff with a copy of the necessary forms, marked with the case number of the new case,

5

that Plaintiff should use for this purpose.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the filing fee or move to proceed *in forma pauperis* in the new action. If and when Plaintiff pays the filing fee or his motion for leave to proceed *in forma pauperis* is granted, his original Complaint will be screened in the newly-opened action pursuant to 28 U.S.C. § 1915A and/or § 1915(e). **If Plaintiff does not fully and timely comply with this Order, however, his new action may be dismissed.** The Court notes, however, that it cannot *sua sponte* request information from Plaintiff's former counsel or any other party or entity to determine whether Plaintiff has stated a constitutional claim upon which relief may be granted. *See, e.g.,* Objs. 1, 5, June 7, 2021, ECF No. 35 (requesting that the Court contact an attorney with the Southern Center for Human Rights to obtain information on alleged COVID-19 protocol violations in Georgia prisons).

### III. Remaining Claims

Plaintiff's remaining claims in the second, court-ordered recast complaint focus primarily on the incident where he was attacked by fellow inmate Munson, allegedly at the behest of (or at least with the knowledge of) Defendant Black and other prison officials.  Plaintiff objects to the Magistrate Judge's recommendation to dismiss claims related to that incident, generally contending that he has pleaded facts sufficient to state

6

actionable claims. The Court will liberally construe Plaintiff's Objections as an attempt to amend his pleadings to include those additional facts. *See, e.g., Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam). Even when considering these new facts, however, Plaintiff has failed to state a claim upon which relief may be granted as to the claims recommended for dismissal, as discussed in more detail below. As such, leave to amend second recast complaint further is denied as futile. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that district court may deny leave to amend "where amendment would be futile").

First, Plaintiff alleges that he has pleaded facts sufficient to show that Defendants Cofield, Byrd, Fleming, Moody, and Young retaliated against him by failing to properly investigate the attack, losing evidence relevant to the attack, and denying Plaintiff access to his medical records and indigent postage. Objs. 6-7, 8-9, June 7, 2021, ECF No. 35. Plaintiff further states that these actions were intended to cover up the fact that Plaintiff was attacked by inmate Munson. *Id.* Plaintiff has still failed to show, however, that Defendants took these actions because Plaintiff complained about Defendant Black's handling of the COVID-19 pandemic. "Plaintiff must allege a causal link between the protected activity and the adverse treatment, and there must be at least a 'colorable suspicion' of retaliation for a complaint

7

to survive and proceed into discovery." *Gonzalez v. Archer*, Case No. 5:16CV34/LAC/EMT, 2016 WL 7733977, at *4 (N.D. Fla. Dec. 12, 2016), *report and recommendation adopted,* 5:16CV34/LAC/EMT, 2017 WL 113062 (N.D. Fla. Jan. 11, 2017), *order withdrawn* (Mar. 3, 2017), and *report and recommendation adopted,* 5:16CV34, 2017 WL 7663126 (N.D. Fla. Mar. 3, 2017), *aff'd in relevant part,* 725 Fed. Appx. 739 (11th Cir. 2018). The Magistrate Judge properly concluded that Plaintiff has failed to allege facts that plausibly establish this causal link with respect to each of the Defendants in this action except Defendant Black, against whom Plaintiff's retaliation claims are proceeding.

Plaintiff also suggests that the alleged "cover-up" interfered with his ability to pursue his grievances related to the attack. *See, e.g.,* Objs. 7, ECF No. 35. But prisoners in the Eleventh Circuit have no constitutionally-protected liberty interest in accessing a prison's grievance procedure, and therefore Plaintiff has failed to state a cognizable claim with respect to the manner in which prison officials investigated or processed his grievances. *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prison's claims that prison's grievance procedure was inadequate).

To the extent Plaintiff is contending Defendants' actions interfered with his ability to pursue his claims in court, the basis for such claims is unclear. Plaintiff's claims that he was

8

injured in the attack are proceeding for further factual development, and Plaintiff still has not alleged that he suffered an "actual injury" with respect to his ability to pursue these or any other claims. *Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) (per curiam) (holding that "[a] plaintiff cannot state a claim by simply alleging systemic denial of access to courts or legal resources without tying the denial to an actual injury," such as "the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case").³ Plaintiff has therefore failed to state a cognizable access-to-courts claim based on the alleged "cover-up."

Finally, to the extent Plaintiff still contends that Defendants' failure to follow GDC policy with respect to the investigation and processing of inmate grievances, *see, e.g.,* Objs. 32, June 7, 2021, ECF No. 35, Plaintiff has failed to state a claim. As the Magistrate Judge correctly explained in his Order and Recommendation, the mere failure to follow a policy or

---

³ Plaintiff also objects on grounds that the Magistrate Judge found there was "know [sic] injury" alleged and overlooked the fact that there was "prementant [sic] damage done to [Plaintiff's] left eye" during the attack. Objs. 1, July 12, 2021, ECF No. 43. The Magistrate Judge simply found that Plaintiff did not suffer an "actual injury" with respect to his access-to-courts claim—this kind of "actual injury" is not a physical injury, but rather an injury to a plaintiff's ability to pursue his claims in court. The Magistrate Judge did <u>not</u> find that Plaintiff had not suffered any physical injuries when he was attacked, and his claims based on these physical injuries are proceeding against Defendants Black, Byrd, and Cofield.

9

procedure does not automatically amount to a constitutional violation. *Taylor v. Adams,* 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). And, as noted above, Plaintiff has no constitutional right to access a prison's grievance policy. These claims therefore also remain subject to dismissal.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Objections to the Magistrate Judge's recommendation to dismiss various claims in the court-ordered recast complaint (ECF No. 23) lack merit, and the Recommendation filed by the United States Magistrate Judge on May 21, 2021 (ECF No. 31) is hereby approved, adopted, and made the Order of the Court. The Clerk is additionally **DIRECTED** to docket Plaintiff's original Complaint in the above-captioned action (ECF No. 1) as a separate civil action in this Court, and Plaintiff is **ORDERED** to either pay the filing fee or file a motion to proceed *in forma pauperis* in the new action within **TWENTY-ONE (21) DAYS** if he wishes to proceed with the claims contained in his original Complaint.

It is now the Court's understanding that Plaintiff intends to proceed in three separate § 1983 actions: (1) his case based on the original Complaint in this case (ECF No. 1), which primarily raises claims that Defendant Black failed to provide proper COVID-

19 precautions at RSP, and which will be docketed as a separate action pursuant to this Order; (2) the above-captioned action, which primarily raises claims that Defendants retaliated against him for complaining about the lack of COVID-19 precautions at RSP; and (3) a yet-to-be-filed complaint primarily raising claims concerning additional retaliation.  To avoid further confusion in this case, Plaintiff is **ORDERED** to clearly label each forthcoming filing with the case number in which he would like that filing docketed.

**IT IS SO ORDERED**, this 29th day of July, 2021.

<div style="margin-left:3em">

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

</div>