**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

MICHAEL A GLOVER,                    :
                                     :
            Plaintiff,               :
v.                                   :        Case No. 4:21-cv-00003-CDL-MSH
                                     :
Warden REAGAN BLACK, *et al.*,       :
                                     :
            Defendants.              :
_____      :

## <u>ORDER</u>

Pending before the Court are Plaintiff's motion to appoint counsel (ECF No. 76) and motion for issuance of subpoenas (ECF No. 77). For the reasons stated below, Plaintiff's motion for appointment of counsel is **DENIED** and his motion for issuance of subpoenas is **GRANTED in part** and **DENIED in part**.

## I.  Motion to Appoint Counsel

Plaintiff alleges that appointed counsel is necessary because of his current lack of counsel and his upcoming deposition. Pl.'s Mot. to Appoint Couns. 1, ECF No. 76. This is Plaintiff's fourth request for appointment of counsel (ECF Nos. 3, 9, 48). The Court denied each previous motion. Order 3-4, Apr. 7, 2021, ECF No. 21; Order 2-3, July 29, 2021, ECF No. 52. Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th

Cir. 1982).  In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

Plaintiff fails to present any extraordinary circumstances justifying the appointment of counsel in this case.  He has filed numerous motions, and responses with the Court, clearly and adequately setting out his arguments.  Moreover, Plaintiff admits being fully prepared for his upcoming deposition.  *See* Mot. to Appoint Couns. 1.  Accordingly, Plaintiff's request for court-appointed counsel (ECF No. 76) is **DENIED**.

## II.    Motion for Issuance of Subpoenas

Additionally, Plaintiff requests that the Court subpoena the following non-parties to testify at his upcoming deposition: Inmate James Gaylor, Inmate John Eddie Murphy, Nurse Russell, Nurse Beuridge, Officer May, Sergeant Horton, Lieutenant Bret Young, and Inmate Whitfield.  Pl.'s Mot. for Supoenas 1-2, ECF No. 77.  To the extent Plaintiff requests the Court schedule, arrange, and pay for these depositions, Plaintiff's motion is **DENIED**.  *See Barber v. Krepp*, No. 1:15-CV-83-WLS, 2018 WL 9491217, at *3 (M.D. Ga. Jan. 10, 2018) ("Should Plaintiff choose to depose any individual, Plaintiff must abide by the applicable Rules to properly take a deposition.  *See* Fed. R. Civ. P. 30, 31.  This includes providing a court reporter to take the deposition, paying the appropriate expenses, and making the appropriate arrangements."), *recommendation adopted by* 2018 WL 9491218 (M.D. Ga. Apr. 30, 2018).

To the extent Plaintiff requests blank subpoenas pursuant to Rule 45, his motion is **GRANTED**.  *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but

otherwise in blank, to a party who requests it.").  The Clerk is **DIRECTED** to provide Plaintiff with eight (8) signed, but otherwise blank, subpoenas.  Plaintiff is advised, however, that if he wishes to subpoena a non-party for an oral deposition, he must abide by both Rule 30 and Rule 45 of the Federal Rules of Civil Procedure.

SO ORDERED, this 21st day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE