IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL A GLOVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 4:21-CV-3-CDL-MSH |
| VS. | : | |
| | : | |
| Warden REAGAN BLACK, *et al.*, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendants' motion for summary judgment (ECF No. 106). For the reasons stated below, the Court recommends that Defendants' motion be granted in part and denied in part.

## **BACKGROUND**

Plaintiff's claims arise from his incarceration at Rutledge State Prison ("RSP"). 2d Recast Compl. 5, ECF No. 23. Plaintiff alleges Defendants failed to protect him from an attack by inmate Wayne Munson and Defendant Black retaliated against him for complaining about Defendant Black's handling of Covid-19. *Id*. The Court received Plaintiff's complaint (ECF No. 1) on January 7, 2021, and his recast complaint (ECF No. 8) on February 23, 2021. The Court ordered Plaintiff to file a second recast complaint on April 7, 2021, *see* Order 5-7, Apr. 7, 2021, ECF No. 21, which the Court received on April 22, 2021 (ECF No. 23). After preliminary review of Plaintiff's second recast complaint, only Plaintiff's claims of retaliation against Defendant Black and failure to protect against

Defendants Black, Byrd, and Cofield remain. Order & R. 4-6, May 21, 2021, ECF No. 31; Order 1, July 29, 2021, ECF No. 52 (adopting R. & R.).

On July 20, 2021, Defendants moved to dismiss Plaintiff's failure to protect claim for lack of exhaustion. Defs.' Br. in Supp. of Mot. to Dismiss 2-6, ECF No. 46-2. The Court denied the motion on October 28, 2021. R. & R. 3-8, Sept. 15, 2021, ECF No. 62; Order 1, ECF No. 66 (adopting R. & R.). Defendants moved for summary judgment (ECF No. 106) on June 1, 2022. The Court received Plaintiff's response (ECF No. 109) on June 13, 2022. The Court subsequently received six supplemental responses from Plaintiff (ECF Nos. 112, 113, 114, 115, 117, 118). Defendants replied (ECF No. 121) on July 12, 2022. Defendants' motion for summary judgment is ripe for review.

## DISCUSSION

Defendants argue they are entitled to summary judgment because (1) Plaintiff has not shown they failed to protect him, (2) Plaintiff fails to show Defendant Black retaliated against him, and (3) Defendants are entitled to qualified immunity.[1] Defs.' Br. in Supp. of

---

[1] Defendants also argue Plaintiff's retaliation claim should be dismissed for his failure to exhaust administrative remedies. Defs.' Br. in Supp. of Mot. for Summ. J. 3-6, 11-14. "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008). Defendants, however, are barred from asserting an exhaustion defense. Defendants previously moved to dismiss Plaintiff's failure to protect claim for a failure to exhaust administrative remedies. Defs.' Br. in Supp. of Mot. to Dismiss 2-6. Defendants could have challenged Plaintiff's retaliation claim for a lack of exhaustion at that time, however, they chose not to. As Defendants "did not raise the exhaustion defense in [their] first motion to dismiss under Rule 12, [they] 'must not make another motion under this rule raising that defense.'" *Brooks v. Warden*, 706 F. App'x 965, 969 (11th Cir. 2017) (quoting Fed. R. Civ. P. 12(g)(2)). Therefore, the Court **RECOMMENDS** that Defendants' motion for summary judgment—construed here as a motion to dismiss—be **DENIED** on this ground.

Mot. for Summ. J. 7-19, ECF No. 106-6.  The Court agrees and recommends Defendants' motion be granted.

I. **Summary Judgment Standard**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id*. at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id*.

II. **Undisputed Material Facts**

On April 27, 2020, while incarcerated at RSP, Plaintiff filed a grievance against Defendant Black for his failure to comply with Covid-19 guidelines.  2d Recast Compl. 5; Singleton Decl. ¶ 19, Attach. C, at 29, ECF No. 106-4.  Defendant Black was the Warden of RSP at that time.  2d Recast Compl. 5; Black Decl. ¶ 3, ECF No. 106-1.  Thereafter, Plaintiff sent a letter to Deputy Warden Burks, alleging that on June 16, 2020, he overheard Defendant Black tell other inmates Plaintiff was a snitch for filing the Covid-19 grievance. Pl.'s Dep. 32:05-32:12, ECF No. 106-5.  Some of the inmates informed Plaintiff that Defendant Black sought to have Plaintiff attacked for these complaints. *Id*. at 32:18-32:24.

On July 20 and 27, 2020, the business office denied Plaintiff's copy requests.  Pl.'s

3

Dep. 35:07-35:15; Black Decl. ¶ 18, Attach. D, at 35.  Plaintiff states Defendant Black instructed Officer Moody to refuse Plaintiff's requests for money withdrawals to pay for these copies.  Pl.'s Dep. 35:07-35:18.  Then, on July 23, 27, 28, and August 4, 2020, Plaintiff's indigent postage forms were not returned.  Pl.'s Dep. 34:04-34:12; Black Decl. ¶ 17, Attach. C, at 25.  According to Plaintiff, he usually receives these forms back so he can verify his mail was sent.  Pl.'s Dep. 34:07-34:11.

In August 2020, Plaintiff and Inmate Wayne Munson were housed in the same dorm.  2d Recast Compl. 5.  Inmate Munson filed a grievance against Plaintiff, complaining of Plaintiff's behavior.  Byrd Decl. ¶ 7, Attach. A, at 12-13, ECF No. 106-3; Pl.'s Dep. 27:16-27:25.  Defendant Byrd, RSP's Grievance Investigator, asked Plaintiff to provide a statement regarding Inmate Munson's grievance, but Plaintiff refused, asserting "that he has nothing to say about" Inmate Munson.  Byrd Decl. ¶ 7, Attach. A, at 7; Pl.'s Dep. 27:16-27:25.  This grievance was denied because there were no apparent problems between the two.  Byrd Decl. ¶ 7, Attach. A at 6.  Subsequently, Inmate Munson received a disciplinary violation leading to his transfer out of Plaintiff's dorm.  Byrd Decl., Attach. B, at 14.  On September 17, 2020, Inmate Munson was transferred back to Plaintiff's dorm.  *Id.*; Pl.'s Dep. 39:10-39:19.

Thereafter, Defendant Black called Plaintiff into his security office to intimidate and humiliate Plaintiff in front of Officer Arvin.  2d Compl. 7.  Defendant Black told Plaintiff "not to try to be somebody that [he's] not."  Pl.'s Dep. 36:04-36:05.  Plaintiff reported this interaction to Deputy Warden Burks.  *Id.* 36:01-36:06.

On the morning of September 28, 2020, Officer Arvin searched Plaintiff for drugs.

4

2d Recast Compl. 8; Defs.' Statement of Material Facts ¶ 19.  Later that day, Inmate Munson attacked Plaintiff.  2d Recast Compl. 8; Defs.' Statement of Material Facts ¶ 1.  According to Plaintiff, Inmate Munson began "acting real rowdy and outrageous" and accusing others of stealing from his room.  Pl.'s Dep. 28:24-29:01.  Plaintiff denied these accusations and went back to his room.  *Id*. at 29:02-29:07.  At that point, Inmate Munson headed towards Plaintiff's room and stated to Plaintiff, "yeah, I came for you." *Id*. at 29:06-29:09.  Inmate Munson then attacked and stabbed Plaintiff.  *Id*. at 29:09-29:12.

### III.     Failure to Protect

Defendants argue they are entitled to summary judgment because Plaintiff fails to show they were aware of a substantial risk of serious harm.  Defs.' Br. in Supp. of Mot. for Summ. J. 9-11.  The Court agrees and recommends that Defendants' motion be granted on this ground.

### A.     Failure to Protect Standard

The Eighth Amendment "impose[s] a duty on prison officials to 'take reasonable measures to guarantee the safety of the inmates.'"  *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 852, 832 (1994)).  This "includes 'protecting prisoners from violence at the hands of other prisoners.'"  *Id*. (quoting *Farmer*, 511 U.S. at 833).  To establish a failure to protect claim, a prisoner must show (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.  *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (per curiam).  "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983[.]"  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).

When examining the first element—a substantial risk of serious harm—courts use an objective standard. *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028-29 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007). A plaintiff must "show conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury*, 936 F.3d at 1233 (internal quotation marks omitted). This may be established by demonstrating "(1) an individualized risk; i.e., specific threats directed toward an inmate for reasons personal to him, or (2) generalized conditions of dangerousness." *Wilson v. Danforth*, No. CV 316-040, 2019 WL 3977957, at *8 (S.D. Ga. June 27, 2019) (citing *Bugge v. Roberts*, 430 F. App'x 753, 758 (11th Cir. 2011)), *recommendation adopted by* 2019 WL 3987753 (S.D. Ga. Aug. 22, 2019). "For the latter, an inmate plaintiff must show they are confined 'in a prison where violence and terror reign.'" *Id*. (quoting *Harrison v. Culliver*, 746 F.3d 1288, 1299 (11th Cir. 2014)).

The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. *Marbury*, 936 F.3d at 1233. To satisfy the subjective component, a plaintiff must show that the defendant was "both [] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also dr[ew] the inference." *Id*. To satisfy the objective component, a plaintiff must show that the defendant "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Id*. (internal quotation marks omitted). As to the third element—causation—a "plaintiff must show a necessary causal link between the [defendant's] failure to act reasonably and the

6

plaintiff's injury." *Id*. (internal quotation marks omitted).

  B. <u>Defendants' Motion</u>

  Defendants argue Plaintiff has not shown a substantial risk of serious harm. Defs.' Br. in Supp. of Mot. for Summ. J. 9-11. Specifically, they contend Plaintiff fails to prove they were aware of a particular threat from Inmate Munson prior to the attack. *Id*. Plaintiff disputes this, arguing Defendants knew Inmate Munson was "a volatile inmate" and had issues with Plaintiff. Pl.'s Resp. in Opp'n 2, ECF No. 109. He claims Defendants knew of these issues because Inmate Munson "wrote a grievance against Plaintiff[.]" *Id*. Plaintiff fails to demonstrate Defendants' subjective knowledge of a serious risk of harm.

  Inmate Munson's general, volatile nature does not put Defendants on notice of a substantial risk of serious harm. The Eleventh Circuit has instructed that "before Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of" an inmate's "generally problematic nature." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam). The only evidence of Inmate Munson's violent nature is one previous instance where "he put his self on the door" while under the influence of drugs. Pl.'s Dep. 39:10-39:15. There are no allegations that this previous instance involved an altercation with any other inmate—particularly, Plaintiff. In fact, Plaintiff admits the two only had "[v]erbal problems" and never had a physical altercation until the day of the attack. *Id*. at 27:23-28:04. Thus, Plaintiff has not alleged more than "a generalized awareness of risk" which "does not satisfy the subjective awareness requirement." *Carter*, 352 F.3d at 1350.

  Similarly, Inmate Munson's grievance against Plaintiff regarding their issues fails

7

to show Defendants' subjective knowledge. Notably, Inmate Munson complained of *Plaintiff's* behavior. Byrd Decl., Attach. A, at 12. When interviewed about Inmate Munson's complaints, Plaintiff "ha[d] nothing to say about" Inmate Munson. *Id*. at 7. At no point during that grievance process, nor at any other point, did Plaintiff express to Defendants that he feared for his safety because of Inmate Munson.[2] As such, Plaintiff fails to demonstrate a substantial risk of serious harm. *See Carter*, 352 F.3d at 1349-50 (holding that no inference of a serious threat could be made by defendants where the plaintiff never contended he was clearly threatened, "nor did [he] make a request for protective custody."); *see also McBride v. Rivers*, 170 F. App'x 648, 655 (11th Cir. 2006) (per curiam) (finding the plaintiff's statements regarding problems with a potential cellmate and a request to not be housed with said cellmate did not amount to the defendants' subjective knowledge of a substantial risk of serious harm).

## IV.   Retaliation

Defendant Black argues he is entitled to summary judgment because Plaintiff fails to demonstrate a causal connection between his Covid-19 grievance and the alleged retaliatory conduct. Defs.' Br. in Supp. of Mot. for Summ. J. 14-18. The Court agrees and recommends that Defendants' motion be granted on this ground.

### A.   Retaliation Standard

"The First Amendment forbids prison officials from retaliating against prisoners for

---

[2] In fact, the only threat Plaintiff identifies occurred moments before the attack when Inmate Munson stated to Plaintiff "yeah, I came for you." Pl.'s Dep. 29:08-29:09. Plaintiff, however, did not consider it a threat in that moment, testifying he thought Inmate Munson was joking. *Id*. at 29:08-29:11.

8

exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (citation omitted).  A prison official violates an inmate's First Amendment rights when the official retaliates against the inmate for filing lawsuits or grievances.  *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (per curiam).  To establish retaliation in violation of the First Amendment, an inmate must prove three elements: "first, that his speech or act was constitutionally protected; second that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech."  *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005) (citations omitted).

The second element—retaliatory conduct—is an objective test, requiring a plaintiff to show that "the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights."  *Id*. at 1254.  The third element—causal connection—is a subjective test which "asks whether the defendants were subjectively motivated to discipline" because the plaintiff engaged in protected speech. *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008) (citation omitted).  Plaintiff may establish a causal connection through "a sequence of events from which one could, without more, plausibly infer a retaliatory motive."  *Smith v. Fla. Dep't of Corr.*, 375 F. App'x 905, 911 (11th Cir. 2010) (per curiam) (citing *Cain v. Lane*, 857 F.2d 1139, 1141-43 (7th Cir. 1988)).  An inmate's conclusory allegations, taken alone, are insufficient to support a retaliation claim.  *Spaulding v. Poitier*, 548 F. App'x 587, 593 (11th Cir. 2013) (per curiam) (holding the district court properly granted defendants' motion for summary judgment where inmate plaintiff's retaliation claim was "supported only by his conclusory

9

assertions") (citing *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)).

B. Defendants' Motion

Defendant Black argues Plaintiff has not shown the necessary causal connection between the alleged retaliatory action and his grievance. Defs.' Br. in Supp. of Mot. for Summ. J. 14-18. The Court agrees.

As an initial matter, Plaintiff's allegations that Defendant Black's comments—that Plaintiff was a snitch and for Plaintiff to not be somebody that he is not—constituted retaliatory conduct are wholly speculative and conclusory. The reference "snitching" involved conduct by a prison official, not conduct by other inmates. While Plaintiff contends the inmates told him that Defendant Black sought to instigate an attack on Plaintiff, he presents no affidavits or other admissible evidence to support his assertion. Moreover, he admits nothing came of Defendant Black's requests to the inmates. Pl.'s Dep. 32:18-32:24. Similarly, Defendant Black's comments to Plaintiff in his office did nothing more than suggest that Plaintiff be himself. Plaintiff does not suggest Defendant Black threatened any action along with these comments or that he suffered any harm other than embarrassment and intimidation. Thus, Plaintiff's allegations are conclusory and do not amount to a constitutional violation. *See Daker v. Donald*, No. 5:04-CV-392, 2005 WL 1241250, at *4 (M.D. Ga. 2005) ("Allegations of threats and harassment are not cognizable under section 1983.") (citing *Edwards v. Gilbert*, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989)).

As for the remainder of the alleged retaliatory acts, they are too remote from Plaintiff's grievance to establish a causal connection. "The burden of causation can be met

by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).  Plaintiff filed the grievance regarding Defendant Black's handling of Covid-19 on April 27, 2020. Singleton Decl., Attach. C, at 29, 31-32.  Plaintiff's copying requests, however, were not denied until three months later—July 20 and 27, 2020.  Black Decl. ¶ 18, Attach. D, at 35.  Plaintiff's indigent postage were withheld around the same time.  *Id*. ¶ 17, Attach. C, at 25.  Defendant Black did not humiliate and intimidate Plaintiff in his office in front of Officer Arvin until sometime in September 2020.  Recast Compl. 7; Pl.'s Dep. 36:01-36:19.  Finally, the drug search and attack by Inmate Munson did not occur until September 28, 2020.  Recast Compl. 8; Pl.'s Dep. 31:16-31:18.  This three-to-five-month gap between Plaintiff's grievance against Defendant Black and these alleged retaliatory acts is too tenuous to demonstrate a causal connection.  *See Walker v. Secretary, U.S. Dep't of Air Force*, 518 F. App'x 626, 628 (11th Cir. 2013) (per curiam) ("'[I]n the absence of other evidence tending to show causation,' a three-to-four month time gap between the protected conduct and the adverse employment action is insufficient to establish causation on its own.") (quoting *Thomas*, 506 F.3d at 1364)).

Further, Plaintiff fails to demonstrate Defendant Black's motivating intent with respect to these retaliatory acts.  Plaintiff does not provide any supporting evidence for his claims that Defendant Black orchestrated each of these acts in retaliation for Plaintiff's Covid-19 grievance.  Nor has Plaintiff submitted such evidence showing Defendant Black instructed prison officials to deny Plaintiff's copying privileges, to withhold his indigent postage forms, to randomly search him, or to transfer Inmate Munson to Plaintiff's cell

11

block. Defendants, on the other hand, submitted verifying evidence as to the intent behind these alleged retaliatory acts. According to the record, Plaintiff was denied copying privileges due to his lack of funds. Black Decl. ¶ 18, Attach. D, at 35-37, 56-57. Similarly, the business office did not withhold Plaintiff's indigent postage but processed his mail as required. *Id.* ¶ 17, Attach. C, at 25-27. Defendant Black asserts that if Plaintiff was searched for drugs on the day of his attack, this was "part of the normal course and procedure of RSP as all inmates are subject to be searched for drugs at any time." *Id.* ¶ 19. Plaintiff does not dispute this policy. As for Defendant Black's motivation in transferring Inmate Munson, the record demonstrates Inmate Munson was transferred back to Plaintiff's dorm following his time in administrative segregation. Byrd Decl. Attach. B, at 14. Further, as the Court has found, there is no evidence proving Defendant Black knew Inmate Munson posed a risk to Plaintiff such that Defendant Black transferred Inmate Munson with the intent that he would harm Plaintiff.

As such, Plaintiff's allegations of retaliation are conclusory and fail to rebut Defendant Black's objective evidence behind his intent. Therefore, Plaintiff's retaliation claim against Defendant Black is meritless. *See Spaulding*, 548 F. App'x at 593; *see also Robinson v. Davis*, No. 3:06cv403/RV/EMT, 2009 WL 153162, at *9 (N.D. Fla. Jan. 22, 2009) ("In the context of a defendant's motion for summary judgment . . ., the defendant need only point to evidence as to the legitimate reason, and the plaintiff must produce 'affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive.'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998)).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 106) be **GRANTED in part** and **DENIED in part**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  See M.D. Ga. L.R. 7.4.  The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 27th day of July, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE